*E-Filed 4/11/13*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JIM WILLIAMSON,<br><br>      Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, et al.,<br><br>      Defendants.<br>_____/ | No. C 12-6237 RS (PR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND;**<br><br>**ORDER INSTRUCTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT ON OR BEFORE MAY 15, 2013** |

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. Plaintiff filed an original and then a first amended complaint. The Court now reviews the first amended complaint pursuant to 28 U.S.C. § 1915A(a).

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

United States District Court<br>For the Northern District of California

be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff has submitted a lengthy and rambling complaint alleging many causes of action, not all of which are related to each other. Essentially, he challenges the conditions of his confinement in administrative segregation. It is not known from the face of the complaint which issues were administratively exhausted. Only those <u>specific</u> claims that were <u>properly exhausted</u> (and which relate to each other) through the prison's official grievance process will be allowed to proceed. **Accordingly, the complaint is DISMISSED with leave to file an amended complaint on or before May 15, 2013.** Not only must plaintiff list those specific claims that were exhausted, he must reallege all facts relevant to <u>those</u> claims. Any facts relating to unexhausted claims will likely be irrelevant. These realleged claims must relate to specific incidents, and not be generalized and undetailed grievances. Simply alleging that medical care is inadequate is conclusory and insufficiently detailed. Dates,

ORDER DISMISSING COMPLAINT
2

times, places, names of specific defendants, details of the acts of those specific defendants, and how those specific acts resulted in a constitutional violation are the sort of information required. Long narrative background descriptions of matters not relevant to the precise claims are not helpful.

Accordingly, the complaint is DISMISSED with leave to amend. **Plaintiff shall file an amended complaint on or before May 15, 2013.** The amended complaint must address all the deficiencies listed above, and include the caption and civil case number used in this order (12-6237 RS (PR)) and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his second amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Any claims not raised in the second amended complaint will be deemed waived. Plaintiff may *not* incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED: April 11, 2013

                                      RICHARD SEEBORG
                                      United States District Judge