*E-Filed 9/25/15*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JIM WILLIAMSON, | No. C 12-6237 RS (PR) |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| MATTHEW CATE, et al., | |
| Defendants. | |

## INTRODUCTION

This federal civil rights action was filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. The operative complaint (Docket No. 50) is now before the Court for review under 28 U.S.C. § 1915A(a). For the reasons stated herein, the complaint is DISMISSED with leave to file an amended complaint on or before November 2, 2015.

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

*See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff alleges that his jailors at Pelican Bay State Prison and their supervisors at the California Department of Corrections and Rehabilitation ("CDCR") violated his constitutional rights by placing him in an administrative segregation unit ("ASU") during three prison hunger strikes, one in September 2011, the second in October 2011, and the third in July 2013. (Plaintiff also alleges that in October 2011, defendants violated his rights during a visit to an eye clinic.) Only the claims relating to the September 2011 hunger strike shall proceed in this action. All claims relating to the October 2011 and July 2013 incidents are DISMISSED without prejudice. If plaintiff wishes to raise these now-dismissed claims,

he must file them in separate civil rights actions.

Plaintiff continues to name as defendants many persons who occupy supervisory positions at Pelican Bay and the CDCR. The Court instructs plaintiff that he should consider the difficulties in stating claims against such persons. So far, he has been unable to do so. He is reminded that there is no respondeat superior liability under § 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). It is not enough that the supervisor merely has a supervisory relationship over the defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948–52 (2009).

Plaintiff is encouraged to consider the following. "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Id.* Proper defendants would include the specific Pelican Bay correctional officers who directly ordered his placement in ASU, those persons who actually implemented such orders, and those who failed to respond to his grievances about his confinement.

Accordingly, the complaint is DISMISSED with leave to file an amended complaint on or before November 2, 2015. The amended complaint must address all the deficiencies listed above, and include the caption and civil case number used in this order (12-6237 RS

1  (PR)) and the words AMENDED COMPLAINT on the first page.  Because an amended
2  complaint completely replaces the previous complaints, plaintiff must include in his first
3  amended complaint all the claims he wishes to present and all of the defendants he wishes to
4  sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Any claims not raised in
5  the amended complaint will be deemed waived.  Plaintiff may *not* incorporate material from
6  the prior complaint by reference.  Failure to file an amended complaint in accordance with
7  this order will result in dismissal of this action without further notice to plaintiff.  **Plaintiff**
8  **may raise only those claims related to the September 2011 hunger strike.  Any other**
9  **claims will be summarily dismissed.**

10  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
11  informed of any change of address by filing a separate paper with the clerk headed "Notice of
12  Change of Address."  He must comply with the Court's orders in a timely fashion or ask for
13  an extension of time to do so.  Failure to comply may result in the dismissal of this
14  action <u>with</u> <u>prejudice</u> pursuant to Federal Rule of Civil Procedure 41(b).

15  His motion to resume discovery (Docket No. 55) is DENIED without prejudice.
16  Plaintiff may refile this motion when he files his amended complaint.  The Clerk shall
17  terminate Docket No. 55.

18  **IT IS SO ORDERED**.
19  DATED: September 25, 2015

　　　　　　　　　　　　　　　　　RICHARD SEEBORG
　　　　　　　　　　　　　　　　　United States District Judge