UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JIM WILLIAMSON, | No. C 12-6237 RS (PR) |
| Plaintiff, | **ORDER OF SERVICE;** |
| v. | **ORDER DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;** |
| MATTHEW CATE, et al., | |
| Defendants. | **INSTRUCTIONS TO CLERK** |

## INTRODUCTION

In this federal civil rights action filed under 42 U.S.C. § 1983, pro se prisoner-plaintiff alleges that defendants violated his First, Eighth, and Fourteenth Amendment rights during his participation in a hunger strike in 2011. The allegations have been dismissed several times with leave to amend, and defendants have filed a motion to dismiss. After reviewing the operative complaint (Docket No. 61) and defendants' motion, the Court DISMISSES WITH PREJUDICE plaintiff's First Amendment, equal protection, and Eighth Amendment claims. One due process claim survives while the other is DISMISSED WITH PREJUDICE.

Defendants Dave Barneburg and J. Atkins, both correctional officers at Pelican Bay, are directed to file a dispositive motion or notice regarding such motion relative to the

remaining due process claim on or before July 11, 2016. The Court further directs that defendants are to adhere to the notice provisions detailed in Sections 2.a and 10 of the conclusion of this order. The remaining defendants in this action are TERMINATED and the claims against them are DISMISSED.

## BACKGROUND

The following allegations are taken from the operative complaint (Docket No. 61). Plaintiff alleges that defendants, an undersecretary, a warden, and prison guards of the California Department of Corrections and Rehabilitation ("CDCR"), violated his First, Eighth, and Fourteenth Amendment rights by placing him in disciplinary segregation, and retaliating against him, for his participation in a hunger strike at Pelican Bay State Prison in September 2011. Plaintiff was removed from his usual housing in the Secured Housing Unit and placed in disciplinary segregation for fourteen days from September 29 to October 13. Defendants later charged him and found him guilty of inciting mass disturbance.

## DISCUSSION

**I.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**II.     Claims**

Plaintiff alleges that defendants violated his rights under the (A) First; (B) Fourteenth; and (C) Eighth Amendments when they placed him in disciplinary segregation and retaliated against him for participating in a hunger strike.

   **A.     First Amendment**

Plaintiff alleges that defendants placed him in disciplinary segregation in retaliation for his participation in a hunger strike, which he regards as conduct protected by the First Amendment. Defendants contend that they are protected by qualified immunity.

The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A court considering a claim of qualified immunity must determine whether the plaintiff has alleged the deprivation of an actual constitutional right and whether such right was clearly established such that it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *See Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009).

A court in this district determining whether a right was clearly established looks to "Supreme Court and Ninth Circuit law existing at the time of the alleged act." *Community House, Inc. v. Bieter*, 623 F.3d 945, 967 (9th Cir. 2010) (citing *Osolinski v. Kane*, 92 F.3d 934, 936 (9th Cir. 1996)). In the absence of binding precedent, the court may look to all available decisional law, including the law of other circuits and district courts. *See id.*

A search of Supreme Court and Ninth Circuit cases reveals no opinions that shed light on whether a hunger strike was clearly established protected conduct in 2011. Also, district court and out of circuit cases are not consistent in their conclusions regarding whether a hunger strike is considered protected speech. *Compare Espinoza v. Kellogg*, No. 12-5414 YGR, 2013 WL 5371375, at *2 (N.D. Cal. Sept. 24, 2013) (liberally construing complaint to find hunger strike as protected conduct); *Shaw v. Hall*, No. 12-0135 CAR MSJ, 2013 WL 5606562, at *9 (M.D. Ga. July 17, 2013) ("Plaintiff's grievances, lawsuits, and participation in a prison investigation and hunger strike are likely forms of "protected" conduct."); *Ajaj v. Fed. Bureau of Prisons*, No. 08-2006 MSK MJW, 2011 WL 902440, at *12 (D. Colo. March 10, 2011) ("The Defendants do not appear to dispute that a hunger strike can constitute activity protected by the First Amendment, and the Court agrees that, in certain circumstances, it can."); *Brown v. Graham*, No. 9:07 CV 1353, 2010 WL 6428251, at *16 (N.D.N.Y. Mar. 30, 2010) (questioning validity of hunger strike as a protected conduct, but assuming without deciding that it is) with *Crawford v. Kalahan*, No. 12-1101 JPG, 2012 WL 6016897, at *2 (S.D. Ill. Dec. 3, 2012) ("The Court is not aware of any specific guarantee under the First Amendment, or any other constitutional provision, that protects inmate hunger strikes."); *Khaldun v. Daughtery*, No. 09- 350 SEB TAB, 2009 WL 5170039, at *1 (S.D. Ind. Dec. 17, 2009) ("[prisoner's] act of going on a hunger strike was not protected activity under the First Amendment."); *Fulton v. LaMarque,* No. 03-4709 RMW (PR), 2008 WL 901860 at *5 (N.D. Cal. Mar. 31, 2008) (segregation and institution of disciplinary proceedings against plaintiff not retaliatory because prisoner had no First Amendment right to instigate a hunger

strike); *cf. Stefanoff v. Hays County, Tex.*, 154 F.3d 523, 527 (5th Cir. 1998) (granting qualified immunity on retaliation claim because engaging in hunger strike was "sufficiently disruptive" such that defendant "had a legitimate penological interest in curtailing [it].").

The Court notes that at least two districts have granted qualified immunity on this same underlying claim. *See Brown v. McGinnis*, No. 05-758S, 2012 WL 267638, at *3–*4 (W.D.N.Y. Jan. 30, 2012) (granting qualified immunity on prisoner's retaliation claim because whether a hunger strike is "protected conduct" is not "clearly established" law); *Brown v. Graham*, No. 9:07 CV 1353, 2010 WL 6428251, at *23 (N.D.N.Y. March 30, 2010) (same).

Because the law was not clearly established as to whether an inmate's participation in a hunger strike is protected speech under the First Amendment, it would not have been clear to a reasonable prison official that placing plaintiff in disciplinary segregation and instituting charges against him for engaging in a hunger strike would be unlawful retaliation. Thus, defendants are entitled to qualified immunity on all of plaintiff's First Amendment claims, which are DISMISSED WITH PREJUDICE.

### B. Fourteenth Amendment

#### 1. Due Process

Plaintiff claims that his right to due process was violated in connection with his placement in administrative segregation. (Docket No. 61 at 15.) He also alleges he was denied due process at his subsequent disciplinary hearing because the charges were false and he was not allowed to call witnesses. (*Id.* at 11.)

##### a) Placement in Segregation

The Supreme Court has held that prisoners have no constitutional right or interest independently protected by the Due Process Clause to be free from discipline or placement in administrative segregation. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983). Allegations by a prisoner that he was denied due process in connection with the decision to administratively

segregate or discipline him present a constitutionally cognizable claim if: (1) prison officials are narrowly restricted by state statutes or regulations to impose the specific deprivation at play, and (2) the liberty in question is one of "real substance." *Sandin v. Conner*, 515 U.S. 472, 477–487 (1995).

Plaintiff's allegations that he spent fourteen days in disciplinary segregation do not state a claim that implicates a liberty interest of "real substance" within the meaning of *Sandin*. *See Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003) (placement in segregated housing in and of itself does not implicate a protected liberty interest); *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (mere placement in administrative segregation not enough to state due process claim after *Sandin*); *see, e.g., Sandin*, 515 U.S. at 485–86 (inmate's thirty-day placement in disciplinary segregation, where conditions mirrored conditions in administrative segregation, not a deprivation of "real substance"); *Mujahid v. Meyer*, 59 F.3d 931, 932 (9th Cir. 1995) (under *Sandin* no liberty interest when inmate placed in disciplinary segregation for fourteen days); *cf. Wilkinson v. Austin*, 125 S. Ct. 2384, 2394–95 (2005) (indefinite placement in a "supermax" facility, where they are not eligible for parole consideration, imposes an "atypical and significant hardship within the correctional context"). Accordingly, his claim that he was denied due process when placed in disciplinary segregation is DISMISSED WITH PREJUDICE.

### b) False Charge and Denial of Due Process

Plaintiff alleges defendants violated his right to due process by fabricating charges against him and denying him due process (specifically the denial of witnesses) at his subsequent hearing. A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986). Allegations of a fabricated charge fail to state a claim under § 1983 as long as a prisoner is afforded procedural due process in the disciplinary

hearing, *see Hanrahan v. Lane*, 747 F.2d 1137, 1140–41 (7th Cir. 1984), and the false charge does not implicate another constitutional right (e.g., the First Amendment right to be free of retaliation), *see Smith v. Mensinger*, 293 F.3d 641, 653–54 (3d Cir. 2002).

A false charge that results in discipline that does not amount to a deprivation of a protected liberty interest under *Sandin v. Conner*, 515 U.S. 472 (1995), is not actionable under § 1983 if it does not implicate another constitutional right (e.g., the First Amendment right to be free of retaliation). *See Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002); *see, e.g., id.* at 654 (even if the charges that led to disciplinary confinement were false, no claim was stated because the disciplinary confinement imposed was too short to amount to an atypical and significant hardship under *Sandin*).

Plaintiff's claim that he was denied due process at his hearing states a claim that is cognizable under section 1983. His allegations suffice to show liability only on the part of Pelican Bay Correctional Officers Dave Barneburg and J. Atkins.

**B.    Equal Protection**

Plaintiff alleges that defendants violated his equal protection rights by singling him out for punishment from other hunger strike participants who were not punished. (Docket No. 61 at 14, 17.) "The Equal Protection Clause requires the State to treat all similarly situated people equally." *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir.2008) (citation omitted). "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Plaintiff's equal protection claim fails as a matter of law. First, he has not alleged facts showing that he is a member of a protected class, or that prisoners on a hunger strike are a protected class. Second, even if he had alleged such facts, he has not alleged facts showing that he was discriminated against because of his membership in that class. If he was singled

No. C 12-6237 RS (PR)
ORDER OF SERVICE

7

out, he was singled out among persons of the same class, not treated differently than persons outside his class who were otherwise similarly situated. Accordingly, plaintiff's equal protection claims are DISMISSED WITH PREJUDICE.

### 3. Eighth Amendment

Plaintiff alleges that defendants violated his Eighth Amendment rights by placing him in disciplinary segregation for two weeks, where he had to live in a cramped cell, experienced loud noises and cold temperatures, was not provided with sufficient clothing, was denied exercise and outdoor time, and his property was destroyed. He further alleges that he suffered psychological injuries because of these conditions. (Docket No. 61 at 7, 10.)

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Eighth Amendment imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See id.* A prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious. *Id.* at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must possess a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297). The culpable state of mind is that of deliberate indifference, i.e., the official knows of and disregards an excessive risk to inmate health or safety. *Id.* at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.*

Plaintiff's allegations do not meet the *Farmer* standard. First, the general conditions of confinement in administrative segregation, e.g., reduced exercise time, have not been found to violate the Eighth Amendment. *Madrid v. Gomez*, 889 F. Supp. 1146, 1267 (N.D. Cal. 1995). Second, his specific complaints do not present objectively serious deprivations (allegations of cold temperatures and cramped confinement), or demonstrate that prison

Case 3:12-cv-06237-RS Document 66 Filed 03/30/16 Page 9 of 13

officials had a culpable state of mind (loud noises that were not caused by defendants). Third, his allegations of psychological injury are conclusory. Furthermore, his allegations of psychological injury are barred unless there is a "prior showing of physical injury." 42 U.S.C. § 1997e(e). Accordingly, plaintiff's Eighth Amendment claims are DISMISSED with prejudice.

His allegations regarding the loss of property do not state a claim under either due process or the Eighth Amendment. Neither the negligent nor intentional deprivation of property states a claim under § 1983 if the deprivation was, as was alleged here, random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535–44 (1981). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990). California law provides an adequate post-deprivation remedy for any property deprivations. *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895). Plaintiff's claims are DISMISSED without prejudice to his pursuing them in state court.

## CONCLUSION

Plaintiff's First and Eighth Amendment claims are DISMISSED WITH PREJUDICE. His due process claim related to his placement in disciplinary segregation also is DISMISSED WITH PREJUDICE. The loss of property claim is DISMISSED without prejudice. Kernan, Lewis, Wood, Cook, Diggle, Moore, Kelley, and Hallock are TERMINATED as defendants in this action and the claims against them are DISMISSED. Judgment will be entered in their favor when this action concludes.

Plaintiff's claim that he was denied due process at his disciplinary hearing survives. His motion to resume discovery (Docket No. 64) is GRANTED. Discovery is limited <u>strictly</u> to materials relevant to the sole claim of whether plaintiff's right to due process was violated at his disciplinary hearing. The Clerk shall terminate Docket No. 64.

<a>United States District Court</a>
<a>For the Northern District of California</a>

No. C 12-6237 RS (PR)
ORDER OF SERVICE

9

For the foregoing reasons, the Court orders as follows:

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter (Docket No. 61), all attachments thereto, and a copy of this order upon Dave Barneburg and J. Atkins, correctional officers at Pelican Bay State Prison. The Clerk shall also mail courtesy copies of the complaint and this order to the California Attorney General's Office.

2. No later than ninety (90) days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claim(s) in the complaint found to be cognizable above.

    a. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in a motion for summary judgment, as required by *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

    b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

3. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than forty-five (45) days from the date defendants' motion is filed.

4. Defendants shall file a reply brief no later than fifteen (15) days after plaintiff's opposition is filed.

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

No. C 12-6237 RS (PR)
ORDER OF SERVICE

10

1      6.     All communications by the plaintiff with the Court must be served on
2 defendants, or defendants' counsel once counsel has been designated, by mailing a true copy
3 of the document to defendants or defendants' counsel.

4      7.     Discovery may be taken in accordance with the Federal Rules of Civil
5 Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local
6 Rule 16-1 is required before the parties may conduct discovery.

7      8.     It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the
8 Court informed of any change of address and must comply with the Court's orders in a timely
9 fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
10 pursuant to Federal Rule of Civil Procedure 41(b).

11     9.     Extensions of time must be filed no later than the deadline sought to be
12 extended and must be accompanied by a showing of good cause.

13     10.    A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs
14 be given "notice of what is required of them in order to oppose" summary judgment motions
15 at the time of filing of the motions, rather than when the court orders service of process or
16 otherwise before the motions are filed. *Woods v. Carey*, 684 F.3d 934, 939–41 (9th Cir.
17 2012). **Defendants shall provide the following notice to plaintiff when he files and**
18 **serves his motion for summary judgment:**

> 19    The defendants have made a motion for summary judgment by which they seek
> 20    to have your case dismissed. A motion for summary judgment under Rule 56
>       of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> 21    Rule 56 tells you what you must do in order to oppose a motion for summary
>       judgment. Generally, summary judgment must be granted when there is no
> 22    genuine issue of material fact — that is, if there is no real dispute about any
>       fact that would affect the result of your case, the party who asked for summary
> 23    judgment is entitled to judgment as a matter of law, which will end your case.
>       When a party you are suing makes a motion for summary judgment that is
> 24    properly supported by declarations (or other sworn testimony), you cannot
>       simply rely on what your complaint says. Instead, you must set out specific
> 25    facts in declarations, depositions, answers to interrogatories, or authenticated
>       documents, as provided in Rule 56(e), that contradict the facts shown in the
> 26    defendants' declarations and documents and show that there is a genuine issue
>       of material fact for trial. If you do not submit your own evidence in opposition,
> 27

28                                                              No. C 12-6237 RS (PR)
                                                                ORDER OF SERVICE

summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998).

**IT IS SO ORDERED**.

DATED: March 29, 2016

_____
RICHARD SEEBORG
United States District Judge

United States District Court
Northern District of California

No. C 12-6237 RS (PR)
ORDER OF SERVICE

12

United States District Court
Northern District of California

1
2
3
4   UNITED STATES DISTRICT COURT
5   NORTHERN DISTRICT OF CALIFORNIA
6
7   JIM WILLIAMSON,

Plaintiff,

v.

GREG D. LEWIS, et al.,

Defendants.

Case No. 12-cv-06237-RS

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 3/30/2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jim Williamson ID: D-34288
Salinas Valley State Prison C2/201
P.O. Box 1050
Soledad, CA 93960

Dated: 3/30/2016

Susan Y. Soong
Clerk, United States District Court

By: _____
Angella Meuleman, Deputy Clerk to the
Honorable RICHARD SEEBORG